UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04995-SVW-JPR | Date | September 9, 2015 |
|---|---|---|---|
| Title | *Aguirre v. The Vons Companies, Inc. et al* | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12].

For the foregoing reasons, the Court construes Plaintiff's dismissal of his federal claims as an amendment of his complaint pursuant to Federal Rule of Civil Procedure 15(a) that eliminates his Fourth and Fifth causes of action. The Court declines to exercise jurisdiction over the remaining state law claims and GRANTS Plaintiff's motion to remand.[1]

### I.   Removal Was Proper

Generally, removal is disfavored and the party seeking removal has the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). According to the "well-pleaded complaint rule," a federal question must inhere from the plaintiff's claims for relief. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An exception to the well-pleaded complaint rule is the "artful pleading doctrine." Under this doctrine, a plaintiff may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857 (9th Cir. 1987). Such a complaint will be recharacterized as one arising under federal law. *See id.*

---

[1] Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument; the hearing calendared for September 16, 2015, is therefore vacated, and the matter taken off calendar.

|   |   | : |   |
|---|---|---|---|
|   | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04995-SVW-JPR | Date | September 9, 2015 |
|---|---|---|---|
| Title | *Aguirre v. The Vons Companies, Inc. et al* | | |

JS - 6

Defendant premised jurisdiction on the presence of a federal question; namely, that Plaintiff's breach of contract claims were preempted by § 301 of the Labor Management Relations Act ("LMRA"). Section 301 preempts claims based upon a collective bargaining agreement ("CBA") and any state claim whose outcome depends on an analysis of the terms of the agreement. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987).

In *Young*, the plaintiff alleged the existence of an individual contract independent of the CBA governing her employment. *Id.* at 997. The Ninth Circuit found that because plaintiff's job position was covered by the CBA, any independent agreement of employment could be effective only as part of the CBA. *Id.* Therefore, the CBA controlled and plaintiff's contract claim was preempted. *See also Hollinquest v. St. Francis Medical Center*, 872 F. Supp. 723, 726-27 (C.D. Cal. 1994).

Similarly, here, Plaintiff's Fourth and Fifth causes of action allege breach of contracts not to terminate his employment without good cause. Plaintiff does not dispute that he was subject to a CBA at the time of his employment and that the CBA conferred a right not to be terminated without good cause. Although Plaintiff alleges an independent oral contract and implied-in-fact contract conferring this right as well, any contract independent of the CBA governing his employment can only be effective as part of the CBA. Therefore, Plaintiff's Fourth and Fifth causes of action are essentially causes of action for wrongful termination in violation of the terms of the CBA, and are preempted by § 301 of the LMRA.

Accordingly, Defendant properly removed the case.

**II.    Rule 41(a), Rule 15(a)**

Plaintiff seeks to dismiss his Fourth and Fifth causes of action pursuant to Rule 41(a). However, Rule 41(a) cannot be used to dismiss individual claims against Defendants. *See Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 687-88 (9th Cir. 2005) ("Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings."). Therefore, Plaintiff's request that the Court allow him to dismiss his Fourth and Fifth causes of action are ineffective under Rule 41(a).

However, amendments pursuant to Rule 15(a) are liberally granted. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). The Court construes Plaintiff's attempted dismissal of his Fourth and Fifth causes of action as an amendment pursuant to Rule 15(a). *See Metcalf v. Countrywide Fin. Corp.*, 2009 WL 2485750, at *2 (N.D. Cal. Aug. 11, 2009); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518-19 (Fed. Cir. 1987). Therefore, the complaint, as amended, does not contain Plaintiff's Fourth and Fifth

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04995-SVW-JPR | Date | September 9, 2015 |
|---|---|---|---|
| Title | *Aguirre v. The Vons Companies, Inc. et al* | | |

JS - 6

causes of action.

### III.     Supplemental Jurisdiction

As noted, because removal was proper, the Court has power to retain jurisdiction over supplemental state law claims that "are so related to [the federal] claim[] in the action that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction, however, is discretionary, not a matter of right. *See id.*, § 1367(c); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) ("While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity. . . . These rules make clear that the district court had discretion to decline to exercise jurisdiction on the state law claims"). The "justification [for discretionary supplemental jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants. *Untied Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988), the Supreme Court noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." However, the Ninth Circuit has held that when a plaintiff files a federal claim in state court, and then seeks to dismiss those claims post-removal, there is "nothing manipulative about that straight-forward tactical decision . . . ." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995). Several courts in our circuit, therefore, have held that allegations of forum-shopping do not preclude remand where a defendant fails to raise other viable concerns. *See, e.g.*, *Horne v. Wells Fargo Bank N.A. et al*, 969 F. Supp. 2d 1203 (C.D. Cal. 2013); *Gulinson v. Bank of Am., NA*, 2012 WL 1609644, at *2 (D. Ariz. May 7, 2012); *Deomampo v. Wells Fargo Bank*, 2009 WL. 1764533, at *2 n.2 (N.D. Cal. June 19, 2009); *East Bay Drivers Ass'n v. Kaur*, 2003 WL 21439216, at *2 (N.D. Cal. June 9, 2003).

Here, Plaintiff initially filed this action in state court. Defendant removed the action on the basis of Plaintiff's Fourth and Fifth causes of action. Plaintiff subsequently attempted to dismiss his Fourth and Fifth causes of action, which the Court construes as an attempt to amend his complaint. Therefore, the causes of action on which the court's jurisdiction rested are now gone. Because only state law claims remain, the case is still in its early stages, and few federal resources have been expended in this case thus far, the Court finds no compelling reasons to retain jurisdiction over the remaining state law claims. When federal claims in a case have been dismissed and the original case was filed in state court, the

|   | : |   |
|---|---|---|
| Initials of Preparer | | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-04995-SVW-JPR | Date | September 9, 2015 |
|---|---|---|---|
| Title | *Aguirre v. The Vons Companies, Inc. et al* | | |

JS - 6

district court may either dismiss the case or remand it to state court. *See Carnegie-Mellon*, 484 U.S. at 357.

Accordingly, the Court GRANTS Plaintiff's motion to remand.

## IV. Request for Fees

Absent "unusual circumstances," the Court may award sanctions under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, Defendant had a proper basis for removal.

The Court thus DENIES Plaintiff's request for sanctions.

## V. Conclusion

For the aforementioned reasons, the Court construes Plaintiff's dismissal of his federal claims as an amendment of his complaint pursuant to Federal Rule of Civil Procedure 15(a) that eliminates his Fourth and Fifth causes of action. The Court declines to exercise jurisdiction over the remaining state law claims and GRANTS Plaintiff's motion to remand. The Court DENIES Plaintiff's motion for attorney's fees.

|  | : |
|---|---|
| Initials of Preparer | PMC |